**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03222-RM-GPG

COLUTIONS, LLC,

 Plaintiff,

v.

VENTURA SEED COMPANY, LLC,

 Defendant.

---

## ORDER

---

 This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 20). After Defendant was served with Plaintiff's Petition to Confirm Arbitration Award (ECF No. 1) and failed to respond, Plaintiff moved for entry of default (ECF No. 17), which the Clerk entered on January 6, 2021 (ECF No. 18). The following day, Plaintiff filed its Motion, seeking entry of default judgment under Fed. R. Civ. P. 55(b)(1). Almost four weeks later, Defendant's counsel filed an entry of appearance (ECF No. 21) and a motion seeking to set aside the entry of default (ECF No. 22). After Defendant's motion was fully briefed (ECF Nos. 24, 25, 30, 31), Defendant withdrew it (ECF No. 34). For the reasons below, the Court grants Plaintiff's Motion.

## I. LEGAL STANDARD

 Entry of default is a prerequisite to granting default judgment. *See Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) ("[T]he clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment."). But "even after entry of default, the Court must decide whether the unchallenged facts create a legitimate

basis for entry of a judgment." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted).  Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

## II.    BACKGROUND

Plaintiff initiated an arbitration proceeding against Defendant arising under the parties' Sales Representation Agreement, which contains an arbitration provision.  The arbitrator found in favor of Plaintiff on its claim and in favor of Defendant on its counterclaim.  Offsetting the awards, the arbitrator issued a final order and award requiring Defendant to pay Plaintiff $842,541.48, plus $177.63 of interest per day until paid in full.  On October 27, 2020, Plaintiff brought this action to confirm the award.

## III.    ANALYSIS

As a threshold mater, the Court finds that the jurisdictional prerequisites for granting default judgment are satisfied in this case.  (*See* ECF No. 13 (discharging order to show cause why the case should not be dismissed for lack of subject matter jurisdiction).)  The Court further finds that the allegations in the Petition are strongly supported by the arbitration award itself and constitute a legitimate basis for entry of judgment.  Judicial review of arbitration awards is deferential and "among the narrowest known to law." *Mid Atl. Capital Corp. v. Bien*, 956 F.3d 1182, 1190 (10th Cir. 2020) (quotation omitted).  The Court discerns no obvious, significant mathematical errors that can be gleaned from the face of the arbitration award. *See id.* at 1191 (holding that 29 U.S.C. § 11(a) does not permit a court to go beyond the face of the arbitration award in looking for an evident material miscalculation).  It is undisputed that Defendant now

owes Plaintiff roughly $875,000, and Plaintiff's efforts to confirm the arbitration have been halted through no fault of its own.  Accordingly, the Court finds that Plaintiff is entitled to judgment in its favor.

## IV.   CONCLUSION

Therefore, the Court GRANTS Plaintiff's Motion for Default Judgment (ECF No. 20) and ORDERS that:

(1)   Defendant's Motion to Set Aside Entry of Default (ECF No. 22) is deemed WITHDRAWN;

(2)   The October 6, 2020, arbitration award (ECF No. 20-3 at 1-2) is CONFIRMED;

(3)   JUDGMENT is hereby entered in favor of Plaintiff and against Defendant in the amount of $842,541.48 plus interest of $177.63 per day from October 6, 2020, until paid;

(4)   The Clerk is directed to enter FINAL JUDGMENT against Defendant,

(5)   Plaintiff's Motion to Modify Procedures Under Rule 11(c)(2) (ECF No. 32), requesting, inter alia, that the Court not deny Defendant's Motion before April 19, 2021, is DENIED AS MOOT, and

(6)   Plaintiff shall have until May 19, 2021, to file a motion for attorney fees and costs, should it wish to do so.

DATED this 19th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

3