**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03222-RM-GPG

COLUTIONS, LLC,

      Petitioner,

v.

VENTURA SEED COMPANY, LLC,

      Respondent.

_____

**ORDER**
_____

Before the Court is Petitioner's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (ECF

No. 37), seeking an order requiring Respondent's counsel to pay Petitioner's attorney fees

incurred in defending against Respondent's Motion to Set Aside Entry of Default (ECF No. 22).

The Motion has been fully briefed (ECF Nos. 38, 41, 42) and is granted for the reasons below.

## I.    LEGAL STANDARD

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any

case unreasonably and vexatiously may be required by the court to satisfy personally the excess

costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions are

appropriate under this statute "when an attorney acts recklessly or with indifference to the law"

or "when an attorney is cavalier or bent on misleading the court; intentionally acts without a

plausible basis; or when the entire course of the proceedings is unwarranted." *Dominion Video

Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (quotation

omitted).

## II.     BACKGROUND

After a dispute arose under the parties' Sales Representation Agreement, Petitioner initiated an arbitration proceeding pursuant to the agreement's arbitration provision.  The arbitrator found in favor of Petitioner on its claim and in favor of Respondent on its counterclaim.  Offsetting the awards, the arbitrator issued a final order and award in October 2020 requiring Respondent to pay Petitioner $842,541.48, plus $177.63 of interest per day until paid in full.

Petitioner brought this action to confirm the award on October 27, 2020 and, ultimately, prevailed.  After Respondent was served with the Petition to Confirm Arbitration Award (ECF No. 1) and failed to respond, Petitioner moved for entry of default (ECF No. 17), which the Clerk entered on January 6, 2021 (ECF No. 18).  The following day, Petitioner filed its Motion for Default Judgment (ECF No. 20).  Almost four weeks later, Respondent's counsel entered his appearance and filed the Motion to Set Aside Entry of Default (ECF No. 22).  After Respondent's Motion was fully briefed (ECF Nos. 24, 25, 30, 31), Petitioner served Respondent's counsel with a draft motion for sanctions under Fed. R. Civ. P. 11 (*see* ECF No. 32 at 3).  The Court declined Petitioner's request to shorten Rule 11's twenty-one-day safe harbor provision, and Respondent withdrew its Motion just before that deadline expired (ECF No. 34). The Court then entered default judgment against Respondent and directed Petitioner to file a motion for attorney fees and costs.  (ECF No. 35 at 3.)  Implicitly recognizing that sanctions under Rule 11 are not available, Petitioner's Motion instead relies on § 1927.

### III.   ANALYSIS

Petitioner contends that sanctions are warranted because Respondent's counsel was objectively unreasonable and vexatious when he filed the Motion to Set Aside Default without proffering a meritorious defense.  The Court agrees.

The principal factors in determining whether there is good cause to set aside an entry of default include (1) whether the default resulted from culpable conduct by the defendant, (2) whether the plaintiff would be prejudiced if the court sets aside the default, and (3) whether the defendant has presented a meritorious defense.  *See Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).  Respondent's Motion focuses on the first factor, arguing that Respondent did not engage in culpable conduct because, due to family medical issues and the Covid-19 pandemic, it did not find out about this action until the end of January 2021.  Setting aside for the moment Respondent's strained contention that these circumstances rendered Respondent unaware of the fact that Petitioner wished to collect its $800,000-plus arbitration award, the Court turns to the third factor and finds that Respondent's Motion utterly failed to present a meritorious defense.  Rather, Respondent requested in its Motion the opportunity to respond to the Petition within thirty days of the Court's setting aside of the default.  Not only does this argument place the proverbial cart at least thirty days ahead of the proverbial horse, but it is plainly insufficient to "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."  *Id.* at 585.  Indeed, it amounts to little more than a hope that such a meritorious defense existed and that, with enough time and effort, Respondent would be able to articulate it.  As it turns out, the chances of such a hope materializing only grew thinner as briefing on the Motion proceeded.

In its Response to the Motion, Petitioner pointed out the undeniable fact that Respondent "ha[d] not even attempted to demonstrate the existence of a meritorious defense." (ECF No. 24 at 1.) With its Reply in support of the Motion, Respondent submitted a proposed "Motion to Modify Arbitration Award," arguing that the arbitrator "miscalculated" the arbitration award. (ECF No. 25-2 at 8-10.) Because this was Respondent's first attempt at articulating a meritorious defense, Petitioner sought and obtained leave to file a Surreply. (ECF Nos. 27, 28.) As noted therein, the proposed motion is glaringly deficient for its failure to identify any obvious, significant mathematical errors that can be gleaned from the face of the arbitration award. (*See also* ECF No. 35 at 2-3 (citing *Mid Atl. Capital Corp. v. Bien*, 956 F.3d 1182, 1191 (10th Cir. 2020), for the proposition that 29 U.S.C. § 11(a) does not permit a court to go beyond the face of the arbitration award in looking for an evident material miscalculation).) Further, the proposed motion relies in significant part on *Eljer Manfacturing. Inc. v. Kowin Development Corp.*, 14 F.3d 1250 (7th Cir. 1994), even though this Circuit has expressly rejected the rationale of *Eljer. See Mid Atl.*, 956 F.3d at 1200 ("The face-of-the-award limitation that we adopt here is admittedly in some tension with the Seventh Circuit's decision in *Eljer*. But we do not find *Eljer*'s analysis persuasive, and, thus, it gives us no pause.").

Although Petitioner makes much of Respondent's counsel's apparent failure to identify *Mid Atlantic* through his legal research, the Court will set that issue aside for the present as well.[1] What the Court finds to be indicative of Respondent counsel's recklessness and indifference to the law is his course of conduct once Petitioner, as a professional courtesy,

---

[1] Respondent merely concedes that it "simply did not identify the *Mid Atlantic* decision in its research in connection with the Reply." (ECF No. 30 at 1.) His contention that "in the vast library of American case law, attorneys occasionally miss a citation" and that his conduct amounts to "mere inadvertence" (ECF No. 38 at 20-21) is not well taken in light of the unnecessarily protracted nature of these proceedings.

informed him about *Mid Atlantic*, its obvious relevance to these proceedings, and his ethical

obligation to disclose it to the Court.  Rather than withdraw its Motion to Set Aside Default at

that point, Respondent filed a Notice of Correction, acknowledging its "failure to reference the

*Mid Atlantic* decision" and "bringing it to the Court's attention now."  (ECF No. 30 at 2.)  But

once again Respondent failed to offer any explanation as to what the legal implications from that

case were with respect to the Motion to Set Aside and the proposed motion to modify.  Instead,

Respondent suggested that "if the Court would prefer," it would file a "Motion for Leave to File

a Corrected Reply in Support of Motion to Set Aside Entry of Default."  (*Id.*)  Alternatively,

Respondent suggested that it be allowed to file an "*Amended* Motion to Modify Arbitration

Award that discusses *Mid Atlantic* and its application to this case."  (*Id.* at 2-3.)

At some point, the Court must say "enough," and this is where the Court has arrived.

Respondent's counsel has unreasonably and vexatiously multiplied these proceedings by

repeatedly promising to do what he should have done already and by then failing to follow

through.  As noted in the Court's Order granting default judgment, judicial review of arbitration

awards is deferential and among the narrowest known to law.  (*See* ECF No. 35 at 2.)

Nonetheless, Respondent employed this strategy to drag out the proceedings for months.  When

faced with the possibility of Rule 11 sanctions, Respondent's counsel did not request leave to file

an amended Reply, explain how *Mid Atlantic*'s application to this case could be in any way

favorable to Respondent, or take any other responsible action.  Instead, he waited until the

penultimate moment and finally withdrew the Motion to Set Aside.  (ECF No. 34.)  The fact that

Respondent's counsel narrowly avoided a Rule 11 sanction does not mean his tactics have not

wasted Petitioner's and the Court's time or that they are not sanctionable under § 1927.  Given

the recognizable pattern of Respondent's counsel's conduct in litigating this matter, the Court finds that they are.

Respondent did not object to the reasonableness of Petitioner's fee request. Upon consideration of the nature and complexity of the case and Respondent's counsel's vexatious conduct, the Court finds both the number of hours expended and the rates charged to be reasonable. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

IV.   **CONCLUSION**

Therefore, the Court GRANTS Petitioner's Motion for Sanctions (ECF No. 37) and ORDERS that Respondent's counsel pay to Petitioner $29,780 in sanctions.

DATED this 15th day of October, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge